IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROYALTON McCAMEY,

        Plaintiff,                        No. 2:12-cv-0362 JAM AC P

        vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.               ORDER

_____/

        Plaintiff filed this action as a state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C. § 1983.  On August 10, 2012, defendant Lipson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. 14.  On November 20, 2012, defendants Malet and Awatani filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. 31.  Plaintiff has not filed an opposition to either motion, but has recently submitted a request for court documents.  Doc. 35. For the reasons that follow, defendants are ordered to re-serve their motions and plaintiff will be given a final opportunity to respond to them.

        Early in these proceedings, plaintiff was informed of the requirements for filing an opposition to a motion to dismiss, and advised that failure to oppose such a motion may be deemed a waiver of opposition to the motion and that failure to comply with the Local Rules

1

may result in a recommendation of dismissal of his action. Doc. 12. After defendant Lipson moved to dismiss, plaintiff was ordered on November 26, 2012 to file an opposition within twenty-eight days. Plaintiff was informed in that order that Local Rule 230(l) provides in part: "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." He was also told that Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

The court's review of the docket of the instant case indicates that plaintiff filed a notice of change of address on September 10, 2012, indicating that he had moved from CSP-Solano to a residential address in Dixon, California. Doc. No. 18. The notice referenced two pending cases: the instant action and McCamey v. Furmer, Case No. 2:10-2553 CMK P, of which this court takes judicial notice.[1] On November 7, 2012, defendants filed in the instant case a notice of plaintiff's status as a parolee, and requested application to plaintiff of the general provisions of Local Rule 230 to him in place of L.R. 230(l). Doc. No. 29.

The docket in Case No. 2:10-2553 KJM CMK P reflects both the September 10, 2012 notice of change of address from CSP-Solano to Dixon, and also a December 10, 2012 further notice of change of address to Yolo County Jail. No such notice has been filed in this case. The docket in Case No. 2:10-2553 KJM CMK P also reflects a November 19, 2012 request to the court clerk seeking information regarding both of plaintiff's pending Eastern District cases. The clerk responded with both case numbers and status information on or before November 26, 2012. On January 2, 2013, as previously noted, plaintiff filed a global request for "any and all documents, orders" in both his cases.

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   The docket in the present case does not reflect return of the November 26, 2012
2 order setting a twenty-eight day deadline for plaintiff's opposition to defendant Lipson's motion
3 to dismiss.  Moreover, plaintiff failed to file a notice of change of address to the Yolo County
4 Jail in this case, despite his continuing obligation to keep the court clerk and "all other parties"
5 apprised of any change of address under Local Rule 182(f).  Nonetheless, plaintiff appears to
6 have made an effort to stay on top of his cases, and in communication with the court generally,
7 while undergoing a variety of recent address changes.   Given the history of address changes, it
8 appears likely that plaintiff did not receive this court's November 26, 2012 order although it was
9 properly served on the address of record at the time.

10   Moreover, plaintiff does not appear to be aware that defendants in this action have
11 filed two separate motions to dismiss.  The docket indicates that defendant Lipson's August 10,
12 2012 motion to dismiss was properly served upon plaintiff at CSP-Solano when plaintiff may
13 have been in the process of paroling to the Dixon address.  The November 20, 2012 motion to
14 dismiss, brought by defendants Malet and Awatani, was served on the Dixon address, again
15 apparently appropriately.  It is not at all clear when or under what circumstances plaintiff entered
16 the custody of the Yolo County Jail.  In any case, the court will continue to apply the provisions
17 of Local Rule 230(l) because plaintiff appears to be presently incarcerated.

18   Because it is far from clear to the undersigned that plaintiff has intentionally
19 abandoned the instant case, and because plaintiff appears not to have had notice of the two
20 pending motions to dismiss, the court will require defendants to re-serve their pending motions,
21 (Doc. Nos. 14 and 31) upon plaintiff at his latest address, Yolo County Jail.  Proof of re-service
22 must be filed in this court within five days.  Upon re-service of these motions, plaintiff will be
23 required to file any opposition within twenty-eight days, after which defendants will have seven
24 days to file any reply.  While the court will vacate its November 26, 2012, order, plaintiff is
25 cautioned that any future failure to strictly comply with Local Rules 182(f), 230(l) and 110, will
26 not be met with further leniency by this court.

Accordingly, IT IS ORDERED that:

1. The order of November 26, 2012 (Doc. No. 32) is hereby VACATED;

2. Plaintiff's request for documents (Doc. No. 35) is GRANTED IN PART and DENIED IN PART. The Clerk shall provide plaintiff at his current Yolo County Jail address with a copy of the Complaint (Doc. No. 1) and a copy of the docket in this matter, which are reasonably necessary for plaintiff's preparation of responses to the pending motions;

3. Defendants must re-serve their pending motions to dismiss, originally filed on August 10, 2012 (Doc. No. 14), and on November 20, 2012 (Doc. No. 31), upon plaintiff and file proof of such re-service, within five days of the date of service of this order. The motions must be re-served upon the Yolo County Jail address now noted for plaintiff in the docket of this case.

4. Upon re-service of defendants' motions to dismiss, plaintiff will have twenty-eight days to file his oppositions to the motions, after which defendants will have seven days to file any replies.

DATED: January 4, 2013.

*[signature: Allison Claire]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
mcca0362.ord2

4