1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   ROYALTON McCAMEY,

12          Plaintiff,                    No. 2:12-cv-0362 JAM AC P

13      vs.

14   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,              ORDER
15
            Defendants.
16   _____/

17          Plaintiff filed this action as a state prisoner proceeding pro se and seeking relief

18   pursuant to 42 U.S.C. § 1983.  By order filed on December 4, 2012 (Doc. No. 33), this court

19   directed defendants Drs. Lipson, Malet and Awatani[1] each to reimburse the United States

20   Marshal within fourteen days for the costs of personal service, absent a written statement

21   showing good cause for each of these defendant's failure to waive service.  See  Fed. R. Civ. P.

22   4(d)(1), (d)(2).  The defendants have timely responded to the order to show cause, and have

23   submitted supporting declarations from counsel and from the litigation coordinator at the prison.

24   Resp. To Order to Show Cause ("Response"), Doc. No. 34.

25   _____

26      [1]     Defendants Malet's and Awatani's names were misspelled by plaintiff and in the
     court's previous order.

1

1          Deputy Attorney General Diana N. Chinn declares that defendant Lipson had

2   requested representation from the Office of the Attorney General on July 5, 2012, and counsel

3   prepared a waiver of service on his behalf on July 26, 2012.  See Response (Doc. No. 34),

4   Declaration of Diana N. Chinn, ¶¶ 1-3.  Ms. Chinn attaches a proof of service indicating the

5   waiver  was mailed to the U.S. Marshal's office on July 27, 2012.  Chinn Dec., ¶4, Exhibit A.

6   Ms. Chinn also declares she had no reason to believe the Marshal's office had not received the

7   waiver, and only discovered that it had not been received when she filed the motion to dismiss

8   on defendant Lipson's behalf in August 2012.   Chinn Dec., ¶¶ 5-7.

9          It is not entirely clear to the court why, when Deputy Attorney General Chinn did

10   discover that no waiver of service had been filed on behalf of defendant Lipson at the time of

11   filing a motion to dismiss on behalf of that defendant, she did not take some additional step to

12   inform the Marshal's office that a waiver of service had been mailed.  On the other hand, the

13   proof of service does demonstrate that defendant Lipson did not fail to return a signed waiver.

14          As to defendants Malet and Awatani, Ms. Chinn declares that in the motion to

15   dismiss defendant Lipson, she included a note that defendants Awatani and Malet had not been

16   served a copy of the summons and complaint and were not represented at that time by the Office

17   of the Attorney General.   Chinn Dec. at ¶ 7; see also, defendant Lipson's Motion to Dismiss

18   (Doc. No. 14), ft. 1.  Ms. Chinn further declares that she did not receive notice that defendants

19   Awatani and Malet had been served until October 23, 2012, when the Marshal effected personal

20   service on the DVI litigation coordinator.  Id. at ¶ 8.   Counsel states that she received the

21   requests by defendants Awatani and Malet to be represented by the Attorney General's Office on

22   November 6, 2012, and, on November 20, 2012 filed a motion to dismiss on their behalf.  Id. at ¶

23   9.

24          The declaration of C. Gamble, DVI court litigation coordinator, explains the

25   customary procedure he follows when a copy of a summons and complaint is received in the

26   mail.  Gamble declares that no one in his office reports receiving copies of the complaint by mail

2

1 │ from the Marshal's office for defendants Awatani or Malet before October 23, 2012, when

2 │ defendant Gamble was personally served.  See Resp., Declaration of C. Gamble.  Although

3 │ counsel was evidently aware at the time of filing defendant Lipson's motion to dismiss that both

4 │ Malet and Awatani were named defendants, the undersigned cannot find in light of the Gamble

5 │ declaration that these two defendants were provided an opportunity to waive service of the

6 │ summons and complaint as required by Rule 4(d).

7 │        It is a mystery why the waiver of service mailed on behalf of defendant Lipson

8 │ was not received by the U.S. Marshal, and why the complaints and waiver forms mailed to

9 │ defendants Malet and Awatani were not received by the institution.  Nonetheless, the court finds

10 │ on the basis of the record before it that defendants Lipson, Awatani and Malet have shown good

11 │ cause to relieve them of the obligation to reimburse the Marshal's costs for personal service.

12 │ The  request by the U.S. Marshal therefore will be denied.

13 │        Accordingly, IT IS HEREBY ORDERED that:

14 │        1.  The request by the U.S. Marshal for the court to order reimbursement for the

15 │ costs of personal service upon defendants Lipson, Awatani and Malet, filed on October 31, 2012

16 │ (Doc. No. 26), pursuant to Fed. R. Civ. P. 4(d)(2), is denied, these defendants having shown

17 │ good cause for any failure to waive service by mail;  and

18 │        2. The Clerk of the Court is directed to serve a copy of this order on the U.S.

19 │ Marshal.

20 │ DATED: January 4, 2013.

21 │         `

22 │                                        ALLISON CLAIRE
      │                                        UNITED STATES MAGISTRATE JUDGE

23 │

24 │

25 │

26 │ AC:009
      │ mcca0362.ord

                                        3