IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROYALTON McCAMEY,

    Plaintiff,                      No. 2:12-cv-0362 JAM AC P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,            ORDER

    Defendants.
_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

        <u>Unserved Defendant</u>

        By Order filed on June 7, 2012, Magistrate Judge Hollows ordered service of plaintiff's original complaint upon four defendants, including a Dr. Churby. ECF No. 12. Process directed to defendant Churby was returned unserved. ECF No. 19. The unexecuted waiver of service shows that on June 18, 2012, the facility to which it had been mailed indicated that documents were forwarded to another facility on June 26, 2012. <u>Id.</u> Thereafter, on July 2, 2012, that other facility indicated it had "no employee by the name Dr. Churby." <u>Id.</u> The unexecuted summons was filed in the case docket on September 13, 2012. <u>Id.</u> By order filed on

1

September 25, 2012, Judge Hollows ordered plaintiff to provide additional information, within sixty (60) days, so that defendant Churby could be served. ECF No. 20. On October 4, 2012, plaintiff submitted documents for re-service upon this defendant, ECF No. 21, but provided his own address rather than that of defendant Churby. Another Order accordingly issued on October 25, 2012, providing plaintiff thirty days to submit the appropriate documents for service. Plaintiff was cautioned that failure to do so within the specified period would result in a recommendation of dismissal of this defendant. ECF No. 22. No response was forthcoming from plaintiff.

Under Rule 4(m) of the Federal Rules of Civil Procedure, the court must dismiss without prejudice an action as to any defendant who has not been served within 120 days after a complaint has been filed "on motion or on its own after notice to the plaintiff" or specify a time for service to be effected. If "the plaintiff shows good cause for the failure, the court must extend the service for an appropriate period." Id. In this instance, the court has attempted to have this defendant served and has provided plaintiff with ample opportunity to provide an accurate location for this defendant. By this order, the court notifies plaintiff that if he does not show good cause within fourteen days for his failure to effect service upon defendant Churby, Churby will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Pending Unopposed Motion to Dismiss

On November 20, 2012, defendants Malet and Awatani filed a motion to dismiss pursuant to Fed. R. Civ. 12(b)(6). Plaintiff has not opposed the motion.

On June 7, 2012, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. ECF No. 12.[1] Local Rule 230(l) provides in part: "Failure of the

---

[1] In that order, plaintiff was also advised that should he be released from prison while this case is pending, any party may request application of other provisions of L.R. 230 in lieu of L.R. 230(l). He was cautioned, however, that until such a motion were granted, the provisions of

responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

This is not the first time that plaintiff has failed to oppose a pending motion. Plaintiff previously failed to oppose a motion to dismiss brought by defendant Lipson, which was filed on August 10, 2012. ECF No. 14. By Order filed on November 26, 2012, the court granted plaintiff a further opportunity to oppose that motion and advised plaintiff of his obligations and the consequences of failing to oppose, citing Local Rules 110 and 230(l). See Order at ECF No. 32. Plaintiff filed no opposition in response to the Order.

On January 4, 2013, because it appeared that plaintiff's release from custody and failure to notify the court of his new address may have prevented his timely receipt of both motions to dismiss, this court ordered re-service of both motions. Plaintiff was reminded of his obligation to keep the court abreast of recent addresses pursuant to L.R. 182(f). ECF No. 36.

In the January 4th Order, the undersigned stated, inter alia:

> After defendant Lipson moved to dismiss, plaintiff was ordered on November 26, 2012 to file an opposition within twenty-eight days. Plaintiff was informed in that order that Local Rule 230(l) provides in part: "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." He was also told that Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

When thus Order was returned as undeliverable, the court again ordered defendants to re-serve their motions to dismiss upon plaintiff at yet another address, and granted plaintiff another twenty-eight days to file his opposition(s). ECF No. 39. The January 4th Order was also re-served upon plaintiff at what was evidently his latest address.

---

L.R. 230(l) would govern regardless of plaintiff's custodial status. See L.R. 102(d). There has been no order rescinding application of L.R. 230(l) and granting application of the other provisions of L.R. 230 to this case. See ECF No. 36.

On March 5, 2013, plaintiff filed a brief notice addressed to the Clerk of the Court, indicating that he had just received the court's order directing defendants Awatani and Malet to "re-submit their motion of dismissal." ECF No. 41.  He stated that he had not been aware of the motion and "would never abandon my case." Id.  He did nevertheless move to "drop Dr. Lipson." Id.   Accordingly, defendant Lipson was voluntarily dismissed pursuant to Rule 41(a)(1)(A)(I).  ECF No. 42.  The undersigned set a deadline of March 26, 2013 for plaintiff to submit his opposition to defendants Malet's and Awatani's motion to dismiss.  Id.

On March 25, 2013, a further twenty-eight day extension of time for the filing of any opposition to the motion was granted to plaintiff when defendants Awatani and Malet informed the court that their motion to dismiss (ECF. No. 31) had not been re-served upon plaintiff at his most current address until March 20, 2013.  See ECF No. 45.

On the same day, March 25, 2013, plaintiff filed a one sentence statement that he "would like" to oppose the remaining motion to dismiss.  ECF No. 46.  There has been no further submission and the time for filing a substantive opposition has expired.  In light of the opportunity that plaintiff is being provided to show cause why defendant Churby should not be dismissed, plaintiff will also be permitted to concurrently oppose the motion.  He must do so within fourteen days and there will be no further extension of any time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff must show good cause within fourteen (14) days for the failure of service to be effected upon defendant Churby; failure to do so will result in a recommendation of dismissal without prejudice of this defendant pursuant to Fed. R. Civ. P. 4(m).

2. Plaintiff shall file an opposition, if any, to the motion to dismiss (ECF No. 31) brought by defendants Malet and Awatani within fourteen (14) days.  Failure to file an opposition within that period will be deemed a statement of non-opposition and shall result in a recommendation that this action be dismissed pursuant Federal Rule of Civil Procedure 41(b).

////

4

      3.  **There will be no further extension of time for plaintiff to comply with any portion of this Order**.

DATED: June 4, 2013

                                          ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE

AC:009
mcca0362.mtd