IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROYALTON McCAMEY,

    Plaintiff,                  No. 2:12-cv-0362 JAM AC P

vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On November 20, 2012, defendants Malet and Awatani filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. ECF No. 31. On June 7, 2012, the court had advised plaintiff of the requirements for filing an opposition to the pending motion and that failure to timely oppose such a motion might be deemed a waiver of opposition to the motion. ECF No. 12.

        On June 5, 2013, plaintiff was ordered to file any opposition to the motion to dismiss and informed that failure to file an opposition within fourteen days would be deemed a statement of non-opposition to the pending motion and would result in a recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 41(b). ECF No. 47. In the same order,

1 plaintiff was directed to show good cause for the failure of service to be effected upon defendant
2 Churby and cautioned that failure to do so would result in a recommendation of dismissal
3 without prejudice of the unserved defendant pursuant to Fed. R. Civ. P. 4(m).  The fourteen-day
4 period has expired and plaintiff has provided no response whatever to the Order.

5 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
6 an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
7 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
8 court order the district court must weigh five factors including:  '(1) the public's interest in
9 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
10 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
11 and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
12 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
13 F.3d 52, 53 (9th Cir. 1995).

14 In determining to recommend that this action be dismissed, the court has
15 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors support
16 dismissal of this action.  The action has been pending for well over a year and the pending
17 motion for more than six months.  Plaintiff's failure to comply with the Local Rules and the
18 court's June 5, 2013 order suggests that he has abandoned this action and that further investment
19 of time by the court will consume scarce judicial resources in addressing litigation which
20 plaintiff demonstrates no intention to pursue.

21 The fifth factor also favors dismissal.  By Order filed on January 4, 2013 (ECF
22 No. 36), the court directed defendants Awatani and Melet to re-serve their motion to dismiss
23 upon plaintiff at what appeared then to be his latest address, despite plaintiff's failure to comply
24 with Local Rule 182(f) by failing to keep the court and all parties apprised of any address
25 change.  Plaintiff was given an additional twenty-eight days to file his opposition to the pending
26 motion.  He was also strongly cautioned to comply with Local Rules 182(f), 230(l) and 110.

2

1  When that order was returned because plaintiff was evidently no longer in custody, the court
2  once again, on February 26, 2013,  directed defendants to re-serve their motion(s).  The court
3  also directed re-service by the Clerk of returned court orders, this time upon plaintiff at his
4  residential address.  Plaintiff was given another twenty-eight day period to file any opposition.
5  He responded only partially, by seeking voluntary dismissal of one defendant and indicating in
6  general terms that he had no intention of abandoning his case.  ECF No. 41.  By Order filed on
7  March 8, 2013 (ECF No. 42), defendant Lipson was dismissed pursuant to plaintiff's request and
8  plaintiff was reminded that he had until March 26, 2013 to file his opposition to the remaining
9  motion to dismiss.  Thereafter, when defendants Awatani and Malet informed the court that
10 plaintiff had not been re-served with their motion at his latest address until March 20, 2013, the
11 court, by Order filed on March 25, 2013 (ECF No. 45), granted plaintiff an additional twenty-
12 eight days to oppose the still pending motion.  In a simultaneous filing, ECF No. 46, plaintiff
13 indicated in a document of a single sentence directed to the Clerk of the Court that he "would
14 like to oppose the request the request for dismissal" by defendant Melet and Awatani and also
15 sought to proceed against the [unserved] defendant Churby.  Plaintiff was advised of the
16 insufficiency of this response by Order filed June 5, 2013.  ECF No. 47.  Plaintiff has now
17 missed the final deadline set by that Order.

18         In sum, the court has repeatedly advised plaintiff of the requirements under the
19 Local Rules and granted more than ample additional time to plaintiff to oppose the pending
20 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.  Less
21 drastic alternatives have been exhausted, satisfying the fifth Ferdick factor.

22         The third factor, prejudice to defendants from plaintiff's failure to oppose the
23 motion, should be given little weight under the circumstances of this case.  Plaintiff's failure to
24 oppose does not put defendants at any disadvantage.  See Ferdik, 963 F.2d at 1262.  Indeed,
25 defendants would only be "disadvantaged" by a decision by the court to continue an action
26 plaintiff has abandoned.

1   The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not weigh against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

In light of plaintiff's wholesale failure to respond to the court's Order to show good cause for having failed to provide accurate information to effect service upon defendant Churby, despite having been provided abundant opportunity to do so, the court will now recommend this unserved defendant's dismissal pursuant to Fed. R. Civ. P. 4(m) for the reasons fully articulated in the June 5, 2013 Order. ECF No. 47 at 2.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Churby be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m);

2. This action be dismissed pursuant to Fed. R. of Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009mcca0382.46+

4